[Civ. No. 4449.  Fourth Dist.  Oct. 29, 1952.]

F. J. COCKERHAM et al., Respondents, v. ROBERT BRUCE HATHAWAY et al., Appellants.

Arlo E. Rickett, Jr., for Appellants.

Alva D. McGuire for Respondents.

BARNARD, P. J.—This is an action on a note given in connection with a real estate transaction. On June 20, 1949, the parties executed a contract providing for the sale of certain real property by the plaintiffs to the defendants "for the sum of $23,000, in currency of the United States." The contract provided that this purchase price was to be paid

". . . as follows, to wit: $3000 or more dollars to be paid on or before two years from date. Balance of 20,000 dollars to be paid at 150.00 dollars or more each month beginning two years from date. Payments include interest on amortised balance @ 6% and continuing until all of principal and interest have been paid in full. Beginning June 20, 1949 and continuing to the time that the 3000.00 above mentioned is paid. Party of the second part agrees to pay to the party of the first part, interest on 23000.00 @ 6% per annum payable in monthly installments of 115.00 each month. This interest is not to apply to purchase price of property."

It then provided:

"The intent and purpose of this instrument is to insure the partys of the first part that partys of the second part has purchased the property and in leu of a cash down payment and to this end the partys of the second part have given to the partys of the first part notes totaling the amount of the purchase price, which on default of any interest or principle payment become immediately due and payable at the option of the holder."

At the same time and as a part of the same transaction the defendants gave the plaintiffs two notes, both dated June 20, 1949. One was for $3,000 payable two years after date, with interest at 6 per cent payable monthly. The other was for $20,000 "to be paid according to real estate purchace agreement of even date."

On June 20, 1949, and on the 20th day of each month thereafter, to and including November 20, 1949, the defendants paid $115, which the plaintiffs applied as interest on the two notes without any segregation. On December 20, 1949, the defendants paid $57.50 which the plaintiffs marked "Interest to January 5-50." On January 5, 1950, the defendants surrendered the property and the plaintiffs took possession, and shortly thereafter sold it to another party.

On January 23, 1950, the plaintiffs filed suit on this $3,000 note, alleging that the defendants had failed to pay $57.50 interest which was due on December 20, 1949, and that by reason of such default they elected to declare the whole amount due. In their answer the defendants relied on the entire contract, including both notes, and denied that anything was due. They also filed a cross-complaint seeking to quiet their title to the property on the theory that if the two notes were to be considered as payments, the purchase price was fully paid, and the defendants had no further interest in the property.

So far as material here, the court found that by the contract of June 20, 1949, the defendants had agreed to buy this real property for $23,000, of which sum $3,000 was evidenced by this note; that this $3,000 note was given and accepted "as a present payment and in lieu of cash or lawful money"; that the defendants had defaulted in paying interest on this note "on the 20th day of December, 1950, and on said date there was due and unpaid the sum of $7.50 accrued interest"; and that the plaintiffs had elected to declare the whole note due. It was also found that the defendants had no interest in the property in question. Judgment was entered on the note in favor of the plaintiffs, and decreeing that the defendants had no title or interest in the property. The defendants have appealed.

The appeal is presented on a settled statement which includes the pleadings, findings and judgment; the original contracts and notes; the original list of payments credited by the plaintiffs; and a statement of all the evidence material to the issues, as stipulated by the parties. In addition to testimony as to the execution of the contract and notes, the only evidence set forth is as follows: The plaintiffs testified that the two notes equalled the full purchase price of the property; that the amounts listed were received, and applied "against the total interest on the two notes," and not divided between them; and that while the details of the transaction were being discussed, Mr. Hathaway said "that if Cockerham would accept a $3000 promissory note, instead of cash, he would pay the note in any event, in lieu of a cash payment of that amount." Mr. Hathaway testified that it was his understanding that the real property was to stand as security for the payment of the two notes; and that when he moved out of the property Mr. Cockerham told him that "he was very sorry this had to happen and everything would be all right." Within

a few days after possession was given back to the plaintiffs they advertised the property for sale and sold it to another party, who has occupied it ever since.

The finding that there was a default in the payment of interest on December 20, 1950, (1949 was intended) is entirely without support in the evidence. Assuming that interest was payable in advance the only evidence in the record, which is in the handwriting of Mr. Cockerham, shows that such interest was paid and accepted up to January 5, 1950.

In our opinion, the other finding that the $3,000 note was given and accepted "as a present payment" is without support since the contract clearly discloses a contrary intention. Any evidence as to the preliminary negotiations could not affect the terms of the written contract.

After providing how and when the purchase price was to be paid, with nothing but interest required until two years after date, the contract states that its intent and purpose is to insure that the defendants have purchased the property, and that to this end notes for the full purchase price had been given in lieu of a down payment. These notes contained stringent default conditions not otherwise provided for in the contract. This "intent and purpose" clause refers to both notes covering the full purchase price, and clearly means that both notes were given for the purpose stated and in lieu of any down payment. The clause cannot be interpreted as providing that the $3,000 note should be treated separately and considered as a present payment, without doing violence to the expressed intent. While the grammar and punctuation are faulty, the meaning of the language used is clear. The contract neither provides nor indicates that the $3,000 note is to be a down payment. It clearly provides that notes for the full purchase price were being given in lieu of making any down payment.

The contract also contained a clause providing that if the buyers failed to comply with any of its terms "all money and notes theretofore paid" should be considered as liquidated damages. Not only were none of these notes paid, but if this was intended to refer to notes *given* it referred to both notes covering the full purchase price, in which case it was in violation of the meaning and intent of sections 1670 and 1671 of the Civil Code. Under such circumstances it could not be liquidated damages, in a permissible form, and could only be interpreted as providing for a penalty, and proof of the

damage suffered was necessary. (*Nakagawa* v. *Okamoto,* 164 Cal. 718 [130 P. 707].)

A further consideration is that the question of how this contract was terminated, whether by mutual consent or otherwise, was not given proper consideration although it would seem to be involved in passing on the effect of this contract. Such evidence as there is would seem to indicate that it was ended by mutual consent, and there is nothing to indicate anything to the contrary. The respondents rely solely on the claim that the $3,000 note was given as a down payment, and that it was payable in any event. The note was an integral part of the contract. If the contract was ended by mutual consent it was all ended, including this note.

The part of the judgment ordering payment of the $3,000 note is reversed and the portion based upon the cross-complaint is affirmed. The purported appeal from the order denying a new trial is dismissed. The appellants to recover costs on appeal.

Griffin, J., concurred.